## Case No. 684.

### AYER v. THACHER.

### [3 Mason, 153.][1]

Circuit Court, D. Maine. May Term, 1823.

OFFICE AND OFFICER — RECOVERY OF FEES FROM ONE UNLAWFULLY IN POSSESSION OF THE OFFICE.

The surveyor appointed for the port of Eastport under the act of the 7th of May, 1822, c. 107, [3 Stat. 693,] is surveyor of the district of Passamaquoddy, and entitled to act for the whole district, and receive fees accordingly.

---

[1] [Reported by William P. Mason, Esq.]

At law. This was an action brought by [Samuel Ayer] the surveyor of Eastport, appointed under the act of the 7th of May, 1822, c. 107, [3 Stat. 693,] against [Stephen Thacher] the collector of the district of Passamaquoddy, for fees accruing by virtue of his office, and received by the collector. The sole point was, whether the surveyor appointed under the act of 1822, was by that act constituted surveyor of the port of Eastport only, or was surveyor of the district of Passamaquoddy, and not limited in his duties to the port of Eastport. [Judgment for plaintiff.]

Mr. Davies, for plaintiff.

Orr & Longfellow, for defendant.

Before STORY, Circuit Justice, and WARE, District Judge.

STORY, Circuit Justice. The parties concede, that the court have jurisdiction of this case under the act of 3d March, 1815, [3 Stat. 245,] c. 101, § 4. I meddle not, therefore, with that question; but shall content myself with the only point now in controversy.

The fifth section of the act of 1822, c. 107. [3 Stat. 694,] authorizes the president, among other things, to appoint "a surveyor for the port of Eastport, in the district of Passamaquoddy." The plaintiff was duly commissioned for that office, and claims in virtue thereof to be surveyor for the district of Passamaquoddy; and he supports his claim by reference to the eighth section, which grants "to the surveyor at Eastport for the district of Passamaquoddy five hundred dollars," as his salary. There is no other surveyor authorized by law to be appointed in the district; and under this description the plaintiff is certainly entitled to receive this salary. But the defendant nevertheless asserts, that the surveyor appointed by this act, is merely surveyor of the port of Eastport; is entitled to perform duties only at that port; and can receive no fees accruing from services done out of that port. It appears to me, that this construction of the act is incorrect. It is true, that the first clause provides for the appointment of a surveyor "for the port of Eastport in the district of Passamaquoddy;" and if there had been several surveyors authorized by law to be appointed in several other ports in that district, there might have been grounds to confine him to the duties connected with the port of Eastport. But no other surveyors are so authorized; and the clause, granting the salary, explains the ambiguity in the first clause, and shows that the surveyor so appointed is "the surveyor at Eastport" (that is, to reside at Eastport) "for the district of Passamaquoddy." Indeed, it does not appear, that by law any such port as the "port of Eastport" is, in terms, recognized as a port of entry or delivery. The act of 1799, c. 128, § 2, [Bio. & D. Laws, —1 Stat. 627, c. 22,] provides that in Massachusetts "there shall be twenty-two dis-

tricts and ports of entry," and enumerates among them "Machias and Passamaquoddy;" and afterwards adds, "and for each of the districts of Machias and Passamaquoddy shall be appointed a collector to reside at the said ports of Machias and Passamaquoddy respectively." The act of 3d of March, 1803, c. 79, a part of whose title is "An act to make Beaufort and Passamaquoddy ports of entry and delivery," [2 Stat. 229,] in the fourth section provides, that "such place within the district of Passamaquoddy in the state of Massachusetts, as the secretary of the treasury may direct, shall be a port of entry and delivery, at which the collector shall reside, as well for foreign vessels as for vessels of the United States." Under this act the secretary of the treasury is understood by an order of the 3d of June, 1803, to have designated the present port of Eastport. The port thus designated, seems as well from the title of this act, as from the language of the act of 1799, c. 128, [1 Stat. 627,] to be in a revenue sense the port of Passamaquoddy, or of Passamaquoddy district; and as no other port of delivery or entry is provided for, the port of Eastport is now, to all intents and purposes, the sole port of entry and delivery of and for the whole district, and the surveyor of that port is the surveyor of the district. Indeed, in our revenue laws "port" and "district" are often used, as of the same import, in cases where the limits of the port and district are the same. The act of 1799, c. 128, seems to have used the words "port" and "district" of Passamaquoddy in this sense. I am not aware, that there is any town or place known and incorporated by the name of Passamaquoddy. Machias was incorporated as a town on the 23d of June, 1784; and Eastport on the 24th of February, 1798. The latter, at the time of its incorporation, was known by the name of Plantation, No. 8; and whether it had also acquired in common parlance the name of Passamaquoddy, is a point on which I have no means of forming an opinion. My opinion is, that the plaintiff is surveyor of the district of Passamaquoddy, and as such entitled to recover. Judgment accordingly.